# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY SESSION, 2000



FILED

March 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,

      Appellee,

vs.

JAMES EMMETT MOSES, JR.,
a/k/a ALI HAKEM MAHAMMED,

      Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

No. W1999-01509-CCA-R3-CD

LAUDERDALE COUNTY

Hon. Joseph H. Walker, Judge

(Sentencing)

For the Appellant:

**Julie K. Pillow**
Asst. Public Defender
Post Office Box 700
Somerville, TN 38068


**Gary F. Antrican**
District Public Defender

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Tara B. Hinkle**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Elizabeth T. Rice**
District Attorney General

**Tracey A. Brewer**
Asst. District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED


**David G. Hayes,** Judge

## OPINION

The appellant, James Emmett Moses, Jr., a/k/a Ali Hakem Mahammed, appeals the sentencing decision of the Lauderdale County Circuit Court following his guilty pleas to the offenses of one count aggravated burglary, two counts of robbery, and one count of theft under $500. Following a sentencing hearing, the trial court imposed an effective sentence of twenty six years imprisonment.[1] On appeal, the appellant challenges the length of the sentences and the imposition of consecutive sentences.

Following review, we affirm.

## BACKGROUND

The appellant's convictions stem from one continuous criminal episode which occurred on the afternoon of September 16, 1998, in Halls, Tennessee. Around 3:30 p.m., the appellant approached Neal Dyer and demanded his money. Mr. Dyer handed the appellant $102 and the appellant fled in his vehicle. This incident resulted in the appellant's charge for theft.

Around 4:40 p.m., the appellant entered the residence of Doris and Jack Henderson under the pretense that he needed to use their telephone. Immediately upon entering the residence, he grabbed Mrs. Henderson, putting his hand over her mouth, telling her that he had a gun and he was going to kill her. After moving into the kitchen with his victim, the appellant threw Mrs. Henderson onto the floor and "beat [her] across the head and the back." The appellant then took an undetermined amount of money from Mrs. Henderson's purse. At this point, Mr. Henderson entered his home and was grabbed by the appellant. After being "push[ed] and shov[ed] around," the appellant began "hollering" at Mr. Henderson, "I'll kill you!" and "I want your money!" Mr. Henderson retrieved his wallet from the bedroom and handed the appellant the thirty dollars it contained. The appellant then fled from the residence.

---

[1]The appellant's two thirteen year sentences for robbery were ordered to be served consecutively for the effective twenty-six year sentence. The appellant's sentence of twelve years for aggravated burglary and his eleven months twenty-nine days theft sentence were ordered to run concurrently. Additionally, the trial court ordered the effective twenty-six year sentence in this case to run consecutively to outstanding sentences in Dyer County for which the appellant was serving on parole at the time these offenses were committed.

The appellant has four prior Class C felony convictions for sale of cocaine, one Class E felony theft conviction, one misdemeanor theft conviction, three misdemeanor worthless checks convictions, and a domestic abuse conviction. The offenses in this case were committed only nine days after the appellant was released on parole status. The appellant's TDOC confinement resulted from his revocation from five Dyer County community correction sentences, the revocation occurring from drug and/or technical violations. Additionally, the record indicates the appellant was placed in the Wayne County "boot camp" facility but was removed from this program due to an assault. The appellant admitted to daily use and addiction to crack cocaine since he was fourteen years old.

The twenty-seven year old appellant completed the eighth grade. The appellant's adult employment history is essentially non-existent. The appellant testified at the sentencing hearing that he was under the influence of drugs when he committed the present offenses and that he committed the offenses to obtain money to purchase more drugs. He currently serves as a trustee at the county jail. The appellant accepted responsibility for his crimes and expressed some remorse toward his victims.

**SENTENCING**

The appellant contends that the trial court erred in application of enhancement factors and the imposition of consecutive sentences.[2] Although the appellant requests that we conduct a *de novo* review of his sentences, the request is frustrated by the lack of a complete record. In imposing a sentence, the trial court is required to consider "the nature and circumstances of the criminal conduct involved." Tenn. Code Ann. § 40-35-210(b)(4) (1997). If these "circumstances" which are contained in the guilty plea are omitted, obviously, we are either

---

[2]On appeal, the appellant does not challenge his misdemeanor sentence of eleven months and twenty-nine days for theft under $500 nor the imposition of mandatory consecutive sentences with the Dyer County convictions.

3

precluded or handicapped in our *de novo* review.

Fortunately at the sentencing hearing, the State presented the testimony of Doris and Jack Henderson who relayed the "nature and circumstances of the criminal conduct" regarding three of the offenses. However, the record is slight in reference to the circumstances of the misdemeanor theft offense involving the victim Dyer. We have repeatedly and exhaustively held that the failure to include the transcript of the guilty plea hearings in the record prohibits this court from conducting a meaningful *de novo* review. If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. See Tenn. R. App. P. 24(b).

This court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). See also Bingham, 910 S.W.2d at 451-452. This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appellant to show that the sentence imposed was improper. Id.; State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991); Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d). The record reflects that the trial court considered the relevant principles of sentencing; accordingly, the presumption is afforded.

The trial court found two enhancement factors applied to each of the felony offenses: (1) prior history of criminal convictions and (13) felony committed while on parole.[3] The court found no mitigating factors applicable. The trial court determined that the appellant was a Range III persistent offender based upon his five prior felony convictions. See Tenn. Code Ann. § 40-35-107(a)(1); Tenn. Code Ann. § 40-35-112(c)(3) (establishing sentencing range for Class C felonies between ten and

---

[3]Prior to imposition of the sentences, the trial court noted that enhancement factor (3), the offense involved more than one victim, seemed to apply; however, as conceded by the State and the appellant, the trial court did not apply this factor in sentencing the appellant for any of the present offenses.

4

fifteen years). After weighing the enhancement factors, the trial court imposed a twelve year sentence for aggravated burglary and thirteen years on each count of robbery.

The appellant concedes application of Tenn. Code Ann. § 40-35-114(13) that the felony was committed while on parole. However, the appellant contends that the trial court misapplied enhancement factor (1) regarding prior criminal history based upon his misdemeanor convictions. The appellant argues that four of the misdemeanor convictions are not convictions because "no sentence [was] imposed" as the convictions were disposed of through the "pay[ment of] monies." This argument is meritless. The presentence report indicates that the <u>sentence</u> imposed <u>was</u> the payment of restitution, fines, or costs. The fact that the appellant did not receive a sentence of incarceration or probation for these misdemeanor convictions does not remove their validity as convictions.

Next, he challenges consideration of the domestic violence conviction because he argues that Tennessee's criminal code contains "no criminal offense entitled Domestic Violence." However, Tenn. Code Ann. § 40-14-109 clearly defines the offense of domestic violence as a misdemeanor. Finally, this court has held misdemeanor records sufficient to support application of this enhancement factor. <u>See e.g.</u>, <u>State v. Carter</u>, 908 S.W.2d 410, 413 (Tenn. Crim. App. 1995); <u>State v. Keel</u>, 882 S.W.2d 410, 419 (Tenn. Crim. App. 1994).

In addition, the appellant admittedly has used illegal drugs since he was fourteen years old. Considering this criminal behavior and the appellant's five misdemeanor convictions, we conclude that enhancement factor (1) was properly applied. Applying the presumption of correctness to the trial court's findings, with two enhancement factors applied to each offense, we conclude that each of the appellant's sentences were clearly justified.

In his final issue, the appellant argues that the sentence of twenty-six years "is not the least severe measure necessary to protect the public" and that the court did not consider the appellant's potential for rehabilitation relying upon <u>State v. Desirey</u>, 909 S.W.2d 20 (Tenn. Crim. App. 1995) and Tenn. Code Ann. § 40-35-

5

103(5).[4] The decision of whether sentences are ordered to be served consecutively or concurrently is left to the sound discretion of the trial court. Our review is *de novo* and in this case, the presumption of correctness is afforded to the trial court's findings.

A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria exists by a preponderance of the evidence. See Tenn. Code Ann. § 40-35-115(b). The trial court ordered consecutive sentences based upon its finding that the appellant has an extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2). In addition to the finding of statutory criteria, the general principles of sentencing require that the trial court find that the length of the appellant's sentence is "justly deserved in relation to the seriousness of the offense" and "should be no greater than that deserved for the offense committed." State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999) (citing Tenn. Code Ann. § 40-35-102(1) and Tenn. Code Ann. § 40-35-103(2)).

In this regard, the trial court found:

[T]he defendant has been convicted of more than one criminal offense and that the defendant is an offender whose record of criminal activity is extensive, again, that he's being sentenced for an offense that he committed while on parole, just after release from the penitentiary, under circumstances where the danger to people in their own home was very great.
And the Court finds that the sentence needs to be reasonably related to the severity of the offenses committed and finds that count 3 should be run consecutive to counts 1 and 2, finding that it's necessary to serve to protect the public or society from further criminal acts by those who resort to this kind of criminal conduct which occurred in the home of someone. They're congruent with the principles of sentencing, and the Court finds that consecutive sentences are reasonably related to the severity of the offense committed.
Further the Court finds that confinement is necessary to protect society from the defendant who has a history of criminal conduct. It is further necessary to avoid depreciating the seriousness of these offenses, and the measures less restrictive than confinement were recently applied to the defendant unsuccessfully.

The appellant's criminal history consists of ten prior convictions, five felonies and five misdemeanors. Thus, the record clearly supports that trial court's findings and the imposition of consecutive sentences. We conclude that the aggregate sentence was warranted in relation to the seriousness of the offenses and was not greater

---

[4]Contrary to the appellant's assertion, the trial court rejected the appellant's rehabilitative potential finding that past efforts at rehabilitation were unsuccessfully applied to him. We agree.

than that deserved for commission of these offenses.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOE G. RILEY, Judge


_____
JOHN EVERETT WILLIAMS, Judge